GERBER & COMPANY, INCORPORATED, *vs.* CLIFFORD B.
WILSON, INDIVIDUALLY AND TRUSTEE OF THE NA-
TIONAL GRAIN CORPORATION, BANKRUPT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 3d, 1931—decided February 16th, 1932.

*Edward J. McCarthy,* for the appellant (plaintiff).

*Israel J. Cohn,* for the appellee (defendant).

BANKS, J. This suit grew out of the transaction which was the basis of the action in *Gerber & Co., Inc. v. First National Bank,* 110 Conn. 583, 148 Atl. 669. On November 1st, 1923, the plaintiff and The National Grain Corporation entered into a contract by which the former agreed to sell and the latter to buy seventy cases of cheese, which were shipped to the plaintiff from Switzerland as part of a lot of one hundred and fifty cases of the same description. On November 22d, 1923, at noon, a petition in bankruptcy was filed against The National Grain Corporation, and on the same day, between 1:19 and 1:50 p. m., the seventy cases of cheese were separated from the lot of one hundred and fifty cases and delivered by the plaintiff to the Grain Corporation. On November 23d a temporary receiver in bankruptcy of the corporation was appointed, and on the same day the corporation pledged a negotiable warehouse receipt for the seventy cases, issued by the Merchants Refrigerating Company, for its indebtedness to the First National Bank of Bridgeport, which negotiation was not disaffirmed by the receiver. On January 14th, 1924, the Grain Corporation was adjudged bankrupt, and on January 28th the defendant was elected trustee of its estate. The defendant has not paid for the cheese, or returned it, or disaffirmed the act of the receiver. On January 22d, 1925, the plaintiff filed in the bankruptcy proceedings its proof of debt for the purchase price of the cheese, in which it was stated that it was filed "without prejudice to the right of claimant in reclamation proceedings." The claim was allowed and a dividend check sent to the plaintiff which it has not presented for payment.

The plaintiff brought suit against the First National Bank to recover the proceeds of the sale of the cheese. In that action we held that as against the plaintiff the

Grain Corporation acquired title to the cheese as quasi-trustee for all its creditors, and that its receiver and trustee succeeded to the title and interest thus obtained; and that the bank was not a bona fide holder of the warehouse receipt and obtained no interest in the cheese thereby, but that the plaintiff, since it was not maintaining the action for all the creditors but only for itself, had no right of recovery against the bank. *Gerber & Co., Inc.* v. *First National Bank, supra.* As indicated in that opinion the contract between the plaintiff and the Grain Corporation was, at the inception of the bankruptcy proceedings, an executory one which the receiver or the trustee might either renounce or assume. The receiver and trustee, having failed to take any affirmative action showing an intent to reject the contract, were held to have ratified it. Having thus assumed the contract, the trustee took it *cum onere* and was liable for the full purchase price. *Gerber & Co., Inc.* v. *First National Bank, supra,* pp. 590, 591; *Atchison, T. & S. F. R. Co.* v. *Hurley,* 153 Fed. 503 (213 U. S. 126, 29 Sup. Ct. 466).

The defendant claims that the plaintiff, by proving its debt as a general claim in the bankruptcy proceedings, has waived its right subsequently to bring this action against the trustee, and the plaintiff, in reply, contends that there was no such waiver since the claim was filed "without prejudice to the right of claimant in reclamation proceedings." The parties have treated the plaintiff's claim as a provable debt, the plaintiff, by filing it as a general claim in the bankruptcy proceedings and the trustee by acquiescing in that action, and paying a dividend upon it, and we must therefore consider it from that standpoint. Whether the plaintiff, by its action in proving its claim as it did, waived its right to thereafter proceed against the trustee to recover the full purchase price of the cheese, is a ques-

tion of election of remedies. An actual or implied intent to elect is necessary to constitute an election between two remedies open to the litigant. The presentation of a general claim against a bankrupt estate is ordinarily regarded as inconsistent with the enforcement of any security held by the creditor, or of a right to repossess specific property under a claim of title. It is therefore held that the creditor, by proving a general claim in the bankruptcy proceedings, waives any security he may have and, having made an election of remedies, may not recover the specific property in subsequent reclamation proceedings. *American Woolen Co.* v. *Maaget,* 86 Conn. 234, 85 Atl. 583; *In re Kenyon,* 156 Fed. 863; *In re Jacob Berry & Co.,* 174 Fed. 409; *In re Fisk & Robinson,* 185 Fed. 974. Since the question is one of intention, however, when the creditor clearly manifests an intention not to waive his right to repossess the property, by stating in his proof of claim that it is filed without prejudice to the pursuit of that right, the filing of the proof of claim does not bar subsequent reclamation proceedings. *American Woolen Co.* v. *Maaget, supra; Thomas* v. *Taggart,* 209 U. S. 385, 28 Sup. Ct. 519; *In re Kaplan & Myers,* 241 Fed. 459. This was the course pursued by the plaintiff, and the proof of its claim as a general creditor, with this reservation of its rights, did not bar it from subsequently pursuing its claim in the bankruptcy proceedings for the possession of the cheese. Whether it did so or not this record does not disclose. It does appear from the record in the action against the bank that the cheese was sold by the bank under an agreement to hold the proceeds for the benefit of the party entitled to them. In filing its proof of claim "without prejudice" the plaintiff manifested an intention not to rely solely upon the dividends it might receive from the bankrupt estate. Whether its reserva-

tion of its rights to recover the cheese "in reclamation proceedings" should be held to permit the recovery from the trustee of the equivalent of the proceeds of the sale of the cheese if such action had been promptly taken, we do not need to determine. There is another consideration which prevents a recovery by the plaintiff in this action. The doctrine of election of remedies is an application of the law of estoppel. If one having a right to pursue one of several inconsistent remedies makes his election he is estopped thereafter to pursue another and inconsistent remedy if such action will adversely affect the other party. 9 R. C. L. 957; 10 R. C. L. 703. Whatever right the plaintiff may have had to pursue its claim against the trustee while the bankruptcy proceedings were still pending, and the trustee had assets in his hands sufficient to meet the claim, it has no such right after the assets are distributed and the estate closed. *Standard Oil Co.* v. *Hawkins*, 74 Fed. 395. It is not found that the bankruptcy proceedings are still pending or that the defendant has any assets of the estate in his hands as trustee, and it may fairly be assumed that the estate was long since closed and all the assets distributed. The plaintiff, by its action in filing its claim as a general creditor in the bankruptcy proceedings, and its failure, so far as appears, to pursue its claim against the trustee through reclamation proceedings or other appropriate action, while there were assets in his possession out of which the claim could be satisfied, is estopped to enforce, at this time, to the manifest prejudice of the defendant, a remedy inconsistent with that which it had previously elected to adopt.

There is no error.

In this opinion the other judges concurred.