## HARTFORD NATIONAL BANK & TRUST COMPANY vs. RIVERSIDE TRUST COMPANY

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 8th—decided July 25th, 1933.

*George H. Day,* for the appellant (defendant).

*Spencer Gross,* with whom was *J. Harold Williams,* for the appellee (plaintiff).

HAINES, J. The plaintiff alleged and the defendant by answer admitted that on December 26th, 1930, Angelo Sissa had on deposit with the defendant $2221.64 and on that date executed an assignment in writing, upon sufficient consideration, to the plaintiff, a copy of which assignment was presented the same day to the treasurer of the defendant, who endorsed thereon the following: "Dec. 26, 1930. Received and filed copy of above. Riverside Trust Company, Hartford, Conn. W. O. Eitel, Treas." On December 19th, 1932, the plaintiff being still the holder of the assignment, made written demand upon the defendant for the amount of the deposit, but the defendant refused and still refuses payment. In defense of this refusal the defendant by further answer alleged that on December 23d, three days before the assignment, the state bank commissioner issued a temporary order under the provisions of General Statutes, § 3870, restraining the defendant from paying out any funds or receiving deposits; that on January 6th, 1931, the Superior Court appointed a temporary receiver for the defendant and on February 13th, 1931, the receivership was made permanent; that a reorganization of the

defendant having later been accomplished, the court, on September 18th, 1931, ordered the receiver to turn over all the assets in his hands to the defendant upon the filing of a certificate by the bank commissioner that the defendant was authorized to resume business, which certificate was filed about September 25th, 1931, and the defendant did resume business September 28th, 1931; that on the last-named date Angelo Sissa was indebted to the defendant for a balance due upon his note, of $7457.50 and that the defendant thereupon applied the deposit of $2221.64 as part payment of such balance. Upon a demurrer to this defense being sustained and judgment rendered, the present appeal was taken on the sole ground that the ruling was erroneous. The court held that the restraining order issued by the bank commissioner in no way affected the validity of the assignment of the deposit; that on the date of the assignment the note (which was made an exhibit) had not matured nor did the defendant on that date have any lien upon this deposit on account of it, and finally that at that time the deposit was and still is owned by the plaintiff assignee, and gave judgment accordingly.

The assignment was in proper form, supported by a valid consideration and due notice was acknowledged by the defendant in writing on a copy thereof, and it does not appear that there was fraud or that the assignor was then insolvent. The assignment was valid and conveyed good title to the plaintiff unless the existence of the restraining order at that time rendered it ineffective. We have heretofore had occasion to consider the effect of restraining orders issued under § 3870 of the General Statutes, and we pointed out that such an order merely restrains the bank from "paying out funds or receiving deposits." We held that "otherwise its rights to exercise its franchise re-

mained unaffected . . . until the inception of the receivership." *Shippee* v. *Riverside Trust Co.*, 113 Conn. 661, 673, 156 Atl. 43. We further held that while our statute, § 3870, imposed less extensive restrictions than the relevant statute of Massachusetts as reported in *Commonwealth* v. *Barnstable Savings Bank*, 126 Mass. 526, the reasoning and result of that decision furnished an analogy. In that case the officers of the bank were enjoined from receiving deposits or paying depositors, and their powers were somewhat limited in other respects. It was held that notwithstanding the injunction the officers could continue the business of the bank within the limitations imposed by the injunction. "It was not absolutely deprived of the right to exercise its franchise or of the profit and benefit to be derived therefrom" though it could not make investments, add to its liabilities or diminish its assets. This was the situation of the present defendant from the date of the restraining order, December 23d, 1930, to the inception of the receivership, January 6th, 1931. While the defendant, therefore, could not pay the deposit it *was* competent to recognize a transfer of the title thereto and bind itself thereby, as it did with a formal written acceptance of the assignment. "A deposit may, of course, be assigned by the depositor otherwise than by giving his check which, until accepted, does not operate as an assignment and where there is a valid assignment of the deposit and the bank is duly notified thereof, it is bound." 2 Paton, Digest of Banking Laws, § 1934a. It should be noted that the restraining order in this case was not a court order of which we were speaking in *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 206, 90 Atl. 369.

The bank claims it had a right to set off the deposit against the unmatured note, on the date of the assignment. If this were true, it may well be that the ac-

ceptance by the bank of the notice of assignment while under the restraining order was ineffective to bind it, since it would have had the effect of diminishing its assets; but that aside, the contention made cannot be maintained. At common law mutual debts were separately enforced, but to prevent circuity of action courts of equity established the practice of set-off and this State and many others now provide statutory authority for such action, General Statutes, § 5551, the procedure being prescribed in General Statutes, § 5511. But this statutory authority permits no greater range of equitable claims than that of established chancery practice. *Harral* v. *Leverty,* 50 Conn. 46, 61; *Hewitt's Appeal,* 53 Conn. 24, 35, 1 Atl. 815.

The general rule requires that both debts must be due and payable, but courts, in order to do equity, have sometimes read into that rule an exception where one of the parties is insolvent and where, save for the exception, the other party would lose part or all of his claim while paying his own debt to the insolvent in full. *Sullivan* v. *Merchants National Bank,* 108 Conn. 497, 144 Atl. 34; *Lippitt* v. *Thames Loan & Trust Co.,* 88 Conn. 185, 90 Atl. 369; *Fifth National Bank* v. *Lyttle,* 250 Fed. 361; *Clearwater County* v. *Pfeffer,* 236 Fed. 183; *Irish* v. *Citizens Trust Co.,* 163 Fed. 880; *Jordan* v. *National Shoe & Leather Bank,* 74 N. Y. 467. But this again depends upon the question whether, under the circumstances, one party has a superior equity, or the rights of third parties are adversely affected. "If no rights of third parties are affected and no superior equity arises out of the contract of the parties under the particular circumstances of the transaction, the fact that both debts are subsisting debts and only by allowing their set-off can they be treated upon an even basis and the owner of the debt not yet due escape an unjust loss, creates the equity

upon which the allowance of the set-off rests." *Sullivan* v. *Merchants National Bank,* 108 Conn. 497, 502, 144 Atl. 34. In the present case, the note was not due at the time of the assignment; neither the bank nor the maker of the note are alleged to have been insolvent, and the superior equity was with the plaintiff, who had paid a valid consideration for the title to the deposit. A right of set-off does not attach to and run with a debt, but depends upon the situation existing when the action is brought or a settlement made in lieu of an action. *Bassett* v. *City Bank & Trust Co.,* 115 Conn. 1, 9, 160 Atl. 60.

The question before us is not to be determined upon the situation as it would have been had the question arisen between the plaintiff and the receiver of the defendant. The defendant has resumed business, taken back its assets, including the note in question, and become again obligated upon the deposit. It is in the same position as regards the right of set-off it claims, as it would have been had no receivership intervened. Since the legal title to the deposit was vested in the plaintiff-assignee on the day of the assignment, that title remained and still is unaffected by the subsequent receivership and the maturing of the note. "The assignee is not affected by defenses arising after the assignment and notice and which had no existence at the time of the assignment." *Mechanics Bank* v. *Johnson,* 104 Conn. 696, 701, 134 Atl. 231; 1 Jones, Mortgages (2d Ed.) p. 688, § 847.

There is no error.

In this opinion the other judges concurred.