THE BRIDGEPORT-CITY TRUST COMPANY *v.*
NILES-BEMENT-POND COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 7—decided May 8, 1941.

*Edward J. McCarthy,* with whom was *Mansfield D.
Sprague,* for the appellant (plaintiff).

*Walfrid Lundborg,* for the appellee (defendant).

MALTBIE, C. J.  Briefly outlined, the issues presented by the pleadings in this case were as follows: The complaint alleged that the plaintiff made two loans to the Automatic Machine Company, taking its notes therefor, and, as security, written assignments of the amounts receivable on account of two orders given to the company by the defendant for machines to be furnished others; that subsequently payment for these machines was made to the defendant; but that it had refused to pay the sums so received to the plaintiff. The defendant, by way of answer and set-off, alleged on information and belief that the notes had been partially paid; also, that it was entitled to set off certain expenses it had incurred in making good warranties in connection with two of the machines involved in the assignments, sums paid by it to the machine company on account of orders for certain other machines as to which there were breaches of warranty, and certain advances it had made to the machine company.  In a further answer the defendant alleged that in reorganization proceedings under the Bankruptcy Act in the case of the machine company, both the plaintiff and defendant had filed claims as creditors and received small dividends; and it claimed that as a result the plaintiff was barred from maintaining this action. The case was referred to a state referee and from a judgment for the defendant based upon his report the plaintiff has appealed.

The initial question presented is raised by the defendant's claim that the plaintiff is barred from maintaining its action because of proceedings in bankruptcy. The defendant had a sales division through which the machine company sold its machines; when the defendant received an order for a machine to be manufactured

by that company, it gave the latter an identical order and when it was filled paid to the company the purchase price less an agreed commission of 10 per cent. The claim of the defendant in bankruptcy was based upon the expense incurred by it in purchasing power units for two of the machines involved in the assignments, the cash advances it had made to the machine company, and the sums it claimed to be due to reimburse it for payments it had made to the machine company for the machines which did not meet the warranties given by the latter; and it admitted a set-off representing sums due the machine company for machines the purchase price of which it had received and withheld. The claim of the plaintiff, while for a sum considerably in excess of that due upon the notes involved in this action, included the debt represented by them; it recited that among the securities it held were the assignments involved in this action and that the claim was filed without prejudice to its right of action against the defendant to recover the amount of the loans secured by them. Both claims, in the absence of objection, were automatically allowed without hearing and each claimant received a dividend of 10 per cent. The statement in the claim filed by the plaintiff was a sufficient reservation of its right to enforce the security it held despite the filing of that claim; *Gerber & Co., Inc.* v. *Wilson,* 114 Conn. 378, 381, 158 Atl. 803; and we do not need to consider the plaintiff's further claim that the assignments were not in any event security within the rule that presentation of a general claim ordinarily waives the right to resort to any security held for its payment.

The defendant makes a claim, left rather indefinite as to its application to the case, that the allowance of its claim in the bankruptcy court constituted a judgment which, as regards the issues involved

in that allowance, was binding upon the plaintiff, another creditor of the bankrupt estate which had filed and had allowed a claim against it. Had the plaintiff intervened and opposed the allowance of the defendant's claim in whole or in part, its allowance would have been conclusive upon the plaintiff in any subsequent proceedings between the parties as to any issues involved in the decision upon it. *Myers* v. *International Co.*, 263 U. S. 64, 72, 44 Sup. Ct. 86. But we have found no authority to support the proposition that the allowance of the claim of one creditor has that effect as regards another creditor who does not so intervene, except a statement made in passing, in the case of *Spencer Commercial Club* v. *Bartmess*, 70 Ind. App. 294, 302, 123 N. E. 435. The doctrine of res adjudicata rests upon public policy and where issues have been litigated and determined in an action between two parties, it forbids their re-litigation in any further legal proceeding between them. *Brady* v. *Anderson*, 110 Conn. 432, 435, 148 Atl. 365. Where a creditor presents a claim in a bankruptcy proceeding, the issues litigated, unless another creditor intervenes, are those arising between the creditor and the estate; and the mere right of another creditor to intervene, unless it is exercised, does not make him a party so that the decision becomes binding on him. *Gratiot State Bank* v. *Johnson*, 249 U. S. 246, 249, 39 Sup. Ct. 363; 30 Am. Jur., Judgments, § 220. We cannot see any sound basis for holding that the determination of the issues involved in the allowance of the defendant's claim against the estate would be conclusive upon the plaintiff in an independent action instituted by it against the defendant. Indeed, to hold that the doctrine of res adjudicata applied in such a situation would place a burden upon a creditor of a bankrupt's estate which it would be difficult to justify, because it

would require him to examine the records in the bankruptcy court before filing a claim to determine whether a person against whom it had a right of recovery had filed a claim in some way adverse to his interests. The situation presented is akin to that where there are two or more parties upon one side of a case and it is generally held that a judgment in it is not binding in subsequent controversies between them unless they are in fact adversaries in the action. 30 Am. Jur., Judgments, § 233; *Appell* v. *Schneider & Pomerantz Baking Co., Inc.,* 126 Conn. 16, 18, 8 Atl. (2d) 529. The plaintiff was entitled to maintain this action and have the issues between it and the defendant determined independently of the proceedings in bankruptcy.

The defendant received the purchase price of the two machines involved in the assignments upon which this action is brought but did not pay it to the machine company. As to the machine involved in one of its assignments, no reason appears why the plaintiff is not entitled to the amount which would have been due the machine company on account of it except for the defendant's claim that it may set off certain sums because of other transactions between it and the machine company. In the case of the machines involved in the other assignment, the purchaser claimed that they did not comply with the terms of the contract and the defendant seeks to recoup the price it paid for additional power units purchased by it and furnished the purchaser; but the referee has found that these machines as delivered by the machine company did comply with the order and the defendant cannot claim to recoup the amount it paid. The plaintiff was, then, entitled to recover the amounts which would have been due the machine company on account of the sales of the machines involved in the assignments, unless the

defendant is entitled to a set-off because of the other transactions between it and the machine company.

It claims such a right on the ground that certain machines furnished by the machine company on its orders did not comply with the terms of the contracts of purchase, and that, although it paid the machine company for them, the orders were subsequently canceled by the purchasers, so that it was entitled to reimbursement of the sums it had paid. In the case of one of the machines sold, the report finds that, when delivered, it did conform to the contract and that there was no breach of warranty; and while the party by whom it was purchased sought to cancel the contract, it had no right to do so. So far as the record shows, the purchaser retained this machine and the machine company was entitled to the amount paid to it by the defendant, so that there was no right of set-off on account of it. In the case of three machines for which the defendant paid the machine company, the report finds that there were breaches of warranty; that the machine company tried to remedy the defects, but without success; and that the parties for whom they were purchased finally canceled the orders for them, in one instance on December 30, 1937, and in the other, on January 6, 1938. The breaches of warranty were adequate ground for rescission of the contracts of purchase, and, the machines being in the possession of the machine company, for the recovery of the purchase price paid for them. General Statutes, § 4689. The cancellations were not made, however, until after the notice of the assignments was given to the defendants; so far as could be known at that time, the machines might finally be accepted, the defects being waived, or damages sought for breach of warranty. General Statutes, § 4689. The right of the defendant to reimbursement for the purchase price paid to the ma-

chine company for these machines was, at the time the notice of the assignment was given, contingent and uncertain, anu it then had no right of present recovery of these amounts.

Ordinarily the assignee of a chose in action takes it subject to equities and defenses which could have been set up against it in the hands of the assignor, provided they have arisen before receipt of notice of the assignment. *Hartford-Connecticut Trust Co.* v. *Riverside Trust Co.,* 123. Conn. 616, 626, 197 Atl. 766; *Ciezynski* v. *New Britain Transportation Co.,* 121 Conn. 36, 39, 182 Atl. 661; *Travelers Ins. Co.* v. *Mayo,* 103 Conn. 341, 347, 130 Atl. 379; *Adams* v. *Leavens,* 20 Conn. 73, 80. Our statute as to set-off provides that in any action brought for a recovery of a debt, mutual debts may be set off, and that if it appears at the trial that the plaintiff is indebted to the defendant the court may give judgment that the defendant recover the balance due him. General Statutes, § 5551. Where there are no equitable considerations involved, a defendant, under this statute, can set off debts only where they are presently due to him. *Henry* v. *Butler,* 32 Conn. 140; *Sullivan* v. *Merchants National Bank,* 108 Conn. 497, 500, 144 Atl. 34; *Hartford National Bank & Trust Co.* v. *Riverside Trust Co.,* 117 Conn. 276, 280, 167 Atl. 811. As the defendant had no right to recover the price it had paid for the two machines as to which there were breaches of warranty at the time it received notice of the assignments, it has no right of set-off with respect to them.

The report finds that on November 24, 1937, the defendant advanced to the machine company $2400, and on December 1, 1937, before it had received notice of the assignments to the plaintiff, a further sum of $1000; and that the machine company applied these sums to the account of a machine which it had shipped

upon the defendant's order, immediately notifying the defendant that it had made such application. We cannot regard these advances as loans, but must hold them to be prepayments on account of sums which the machine company was or would become entitled to receive in the future upon orders for machines; and upon the facts found it does not appear that the defendant had a right to recover them at the time notice of the assignments was given. For the reasons previously stated, the defendant was not entitled to set off the amounts of these advances.

The plaintiff's claim that it is entitled to recover the dividend received by the defendant upon its claim in bankruptcy is without merit in this view of the case. On the other hand, the amount due to the plaintiff on the notes to secure which the assignments were made has been reduced by the sum received by it as a dividend in the bankruptcy proceedings.

Upon the facts found the defendant failed to prove that it was entitled to any rights of recoupment or set-off against the plaintiff's claim, and the trial court was in error in rendering judgment for the defendant.

There is error, and the case is remanded with direction to enter judgment for the plaintiff for such amount as it is entitled to recover by virtue of the assignments it holds.

In this opinion the other judges concurred.