**Robert C. WALLINGSFORD, Appellant,**

v.

**LARCON COMPANY, Appellee.**

**No. 15541.**

United States Court of Appeals
Eighth Circuit.

Oct. 31, 1956.

Robert C. Compton, El Dorado, Ark. (Walter L. Brown, El Dorado, Ark., was with him on the brief), for appellant.

Oliver M. Clegg, Magnolia, Ark. (Keith, Clegg & Eckert, Magnolia, Ark., were on the brief), for appellee.

Before WOODROUGH, VOGEL and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was brought by the owner and holder of two promissory notes executed by Roberts Petroleum, Inc., an Arkansas corporation, and by defendant to

recover from defendant the amount of the deficiency due on the notes after application of the proceeds of the security, towit: for $36,165.48. Federal jurisdiction resulted from diversity of citizenship. The defendant admitted execution and delivery of the notes, and pleaded payment thereof prior to January 26, 1954. The plaintiff pleaded in reply that by reason of proceedings had in the bankruptcy of Roberts Petroleum, Inc. in the same court in which this action was brought to which proceedings the defendant was a party and in which the question of the payment of said notes was put in issue, an order was entered, after trial of that issue by the Referee in Bankruptcy on January 26, 1954, allowing said notes as subsisting and valid claims against the estate and a prior lien on certain assets of the estate. That the question as to whether the notes had been paid was res judicata and a bar to the assertion of payment as a defense by defendant, and that by reason of the proceedings defendant was estopped to assert payment as a defense to this action. Thereafter plaintiff filed a motion for summary judgment alleging the facts upon which it charged that defendant was barred by res judicata to plead payment of the notes, accompanied by exhibits showing the bankruptcy proceedings and the order of the Referee, and by a deposition of defendant taken after all the issues had been made up. The defendant filed response to the motion merely alleging generally that he had a good and meritorious defense and should be allowed to defend on the merits. The case was submitted to the court on the pleadings, the exhibits and deposition of defendant, the motion for summary judgment and response to it, and briefs.

In the opinion of the court, which includes findings and conclusions and is reported at 136 F.Supp. 602, 607, all of the relevant proceedings in the bankruptcy as shown by the exhibits are set forth in detail. In summation, the court found as undisputed facts that appellant was Vice-President and General Manager and the principal executive officer of Roberts Petroleum, Inc. from its incorporation until its adjudication as a bankrupt, and together with his wife owned 50 per cent of the stock, the other 50 per cent being owned by non-residents. He also was a claimant as an unsecured creditor in the bankruptcy in the sum of $79,515.59. On account of his singular knowledge of all the corporation's transactions, he was requested by the Referee to remain available as a witness and he was present and participated throughout the relevant bankruptcy proceedings. The holders of the two notes here in suit duly filed proof of their claims on them in ordinary course, but the proceedings in the bankruptcy in which the issue was joined as to the validity of the claims on the notes, and particularly the specific issue as to whether or not the notes had been paid, were initiated and prosecuted by a secured creditor presenting a petition for marshalling liens. That petition contained the allegation, among others, that the indebtedness evidenced by the two notes, if any had been paid. In the course of that proceeding a copy of the petition was served on appellant and the holders of the two notes and they were required to show their interest. The note holders filed answer to the petition and alleged that the notes had not been paid, and in response to that, the Trustee in Bankruptcy filed separate objection as to each of the claims on the notes "that said claim, if any, has been fully paid and satisfied." After notice, a trial of the issues joined on the petition to marshal liens, including the issue of the payment vel non of the notes, was had before the Referee, appellant being present and represented by counsel, and testifying as a witness, and the Referee's findings and judgment in favor of the note holders sustaining the validity of their claims were as set out in the district court's opinion at page 607.

Thereafter, the assets of the bankrupt upon which the note holders claimed a lien for the amount of the notes were subjected to the lien and sold and the proceeds applied on the notes, and deficiency judgment was awarded on the

balance for which defendant is sued in this action.

On the trial of the motion for summary judgment herein, the district court observed that the facts were not in dispute, and that the question before the court was whether the plaintiff was entitled to judgment as a matter of law. It appeared to the court that the appellant was a party to the proceedings in the bankruptcy court in which that court had jurisdiction of the parties and the controversy as to the validity of the notes sued on herein, and particularly the specific issue as to the payment of them; that appellant appeared in person and by counsel and testified as a witness on the hearing; that he had an interest which entitled him to oppose the allowing of the notes; that he was required by law to assist the Trustee in the defense of the claim, 11 U.S.C.A. § 23, and did participate in the hearing which resulted in the judgment; that the deposition of defendant showed that he had no writing to prove that he was not to be bound on the two notes and that he could not show by parol evidence that he was not bound thereon; and that the judgment in the bankruptcy that "there is presently due" on the notes the sum of $39,502.94 was res judicata which barred him from pleading in this suit that the notes had then been paid.

The court accordingly entered summary judgment against him for the amount remaining due on the notes together with interest and costs, and defendant appeals.

His brief on the appeal presents:

"that the only question to be determined on the appeal is whether the proceedings of the bankruptcy court * * * bar him from defending his liability on the notes sued on herein on the ground that said notes have been paid for the reason that this defense is res judicata."

He contends the court erred in deciding this question in the affirmative.

The record confirms that there is nothing of substance for decision here other than the effect of the proceedings and judgment in bankruptcy court upon appellant's right to defend in this action on the ground that the notes executed by him and the bankrupt were paid prior to the bankruptcy. There was no dispute as to the facts and the procedure by summary judgment was appropriate to settle whether as matter of law the bar of res judicata existed.

The appellant contends at some length that the bankruptcy court did not have jurisdiction to decide whether or not he was individually liable on the notes in question. But that is beside the question. If as matter of law he was barred from pleading payment by res judicata, then the district court was required to enter summary judgment against him because he admitted executing the notes and did not plead any other defense.

He also contends that the appellee was not a party to the bankruptcy proceedings. But the appellee's predecessors in ownership of the notes were parties and the appellee is in full privity with them. A further contention is that appellant did not have actual knowledge of the joinder of the issue as to payment of the notes, or the trial and adjudication of that issue in the bankruptcy court. But he was a party respondent to the petition to marshal liens which raised the issue of payment of the notes and was served with copy thereof, was required by the statute to examine and report to the trustee as to any previously paid claims, and he was present, represented by counsel, and heard as a witness at the trial where payment of the notes was one of the issues asserted on one side and denied on the other side and submitted for decision.

■ The doctrine of res judicata may be said to inhere in the legal systems of all civilized nations resting upon the ground that the party to be affected has litigated or had opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment of his opponent. 30 Am.Jur. Sec. 165. The district court

has reasoned it out upon consideration of many authoritative cases and texts selected from a very crowded field that the unappealed from decision of the bankruptcy court that the notes sued on herein had not been paid was res judicata and barred defendant from relitigating that question in this action.

In addition to the numerous citations made by the court in its opinion, appellee has added the following in its brief which tend to support the judgment; Wiswall v. Campbell, 93 U.S. 347, 23 L. Ed. 923 and cases cited; Bridgeport-City Trust Co. v. Niles-Bement-Pond Co., 128 Conn. 4, 20 A.2d 91, 135 A.L.R. 695; Collier on Bankruptcy, Sec. 57.14 (Vol. 3, p. 191); In re A. B. Carton Co., D.C., 148 F. 63; 170 A.L.R. 1180.

We have carefully considered the points assigned by appellant as error in the proceedings and judgment appealed from, but are satisfied that no error is present.

Affirmed.