[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTIONS TO STRIKE NO. 124 AND 126
In the present action, the plaintiff, People's Bank seeks to foreclose a mortgage executed by Joseph Voll and the defendants, Zoltan Guttman and Harry Hirsch. Voll allegedly filed for bankruptcy, and consequently, was not sued in this action.
On June 17, 1994, Guttman filed a revised answer, three special defenses and a three-count counterclaim. On May 11, 1994 Hirsch filed a revised answer, two special defenses, a two-count counterclaim, and a claim for setoff.
On October 20, 1994, the plaintiff filed a motion to strike the special defenses, counterclaims and setoff filed by Hirsch (#124), and a motion to strike the special defenses and counterclaims filed by Guttman (#126). The plaintiff moves to strike the defendants' respective special defenses on the ground that they are not proper special defenses to a foreclosure action. The plaintiff moves to strike the defendants' respective counterclaims and Hirsch's setoff claim on the ground that they do not arise out of the transaction at issue. The plaintiff also raises substantive arguments with respect to the counterclaims and setoff claim. On November 4, 1994, Hirsch filed an CT Page 1079-HH "objection" to the plaintiff's motion to strike. On November 15, 1994, Guttman filed a memorandum in opposition to plaintiff's motion to strike.
LAW
"Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint [or] counterclaim . . . to state a claim upon which relief may be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1); Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike may be used to test the legal sufficiency of a special defense. Practice Book § 152(5); Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital,208 Conn. 161, 171, 540 A.2d 1185 (1988).
Practice Book § 164 provides in pertinent part:
No facts may be proved under either a general or CT Page 1079-II special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
Thus, "[a] special defense requires the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that [the plaintiff] has no cause of action. . . ."Northeast Savings. F.A. v. Dunst, 6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.).
A special defense to a foreclosure action must address the making, validity or enforcement of the mortgage. Lafayette Bank Trust Co. v.D'Addario, 10 Conn. L. Rptr. 224 (November 28, 1993, Maiocco, J.);Shoreline Bank Trust Co. v. Leninski, 8 Conn. L. Rptr. 522, 524 (April 26, 1993, Cellotto, J.); Bristol Savings Bank v. Miller,
7 Conn. L. Rptr 517, 518 (October 19, 1992, Aurigemma, J.).
With respect to counterclaims, Practice Book § 116 provides in pertinent part that "[i]n any action for a legal or equitable relief, CT Page 1079-JJ any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction . . . which is the subject of the plaintiff's complaint. . . ." "The transactions must be designed to permit the joinder of closely related claims where such joinder is in the best interest of judicial economy." Wallingford v. Glen Valley Associates, Inc.190 Conn. 158, 160-61, 459 A.2d 525 (1983).
A. Motion to Strike #124 (as to special defenses, counterclaimand setoff filed by Hirsch).
In his first special defense, Hirsch alleges that the plaintiff breached the implied covenant of good faith and fair dealing because it restructured the mortgage with respect to Voll, while failing to offer the restructuring option to him. The plaintiff argues that this defense is legally insufficient because it does not affect the plaintiff's right to maintain its foreclosure action, and because this defense does not go to the making, validity or enforcement of the mortgage.
While an alleged breach of the implied covenant of good faith and fair dealing has been recognized as a special defense to a foreclosure CT Page 1079-KK action; Citicorp Mortgage, Inc. v. Kerzner, 8 Conn. L. Rptr. 229
(January 15, 1993, Curran, J.), based on the facts of the present case, Hirsch's first special defense is legally insufficient. The plaintiff's alleged failure to restructure the mortgage with respect to Hirsch does not reflect upon the making or validity of the mortgage, and does not alter the plaintiff's right to proceed against Hirsch upon his alleged default. Hirsch's claim goes to non-performance by the plaintiff with regard to dealings between the parties which are separate from the note and mortgage referred to in the complaint. Accordingly Hirsch's first special defense is stricken.
In his second special defense, Hirsch alleges that the plaintiff engaged in inequitable conduct based on its failure to offer the restructuring option to him. As with the first special defense, the plaintiff's alleged failure to restructure Hirsch's obligation does not reflect upon the making or validity of the mortgage, and does not alter the plaintiff's right to proceed against Hirsch. Hirsch's claim goes to non-performance by the plaintiff with regard to dealings between the parties which are separate from the note and mortgage referred to in the complaint. Hirsch's second special defense is therefore stricken.
In his first counterclaim, Hirsch alleges that the plaintiff CT Page 1079-LL breached the implied covenant of good faith and fair dealing because it failed to offer him a restructuring option. The plaintiff moves to strike on the ground that this counterclaim does not arise out of the transaction that is the subject matter of the plaintiff's complaint. The plaintiff's complaint alleges that the defendants breached their payment obligations under a note. The defendant's counterclaim does not relate to the making, validity or enforcement of the note or the mortgage which secured it. Rather, the counterclaim alleges actions or lack of same that are separate and distinct from the rights and obligations of the parties under the note and mortgage referred to in the complaint. Additionally, the court also rejects the counterclaim on substantive grounds. The defendant has not alleged any duty, contractual or otherwise, which would impose upon the plaintiff any obligation to agree to a restructuring of the mortgage and note in favor of the defendant, Hirsch. Accordingly, Hirsch's first counterclaim is stricken.
In his second counterclaim, Hirsch alleges that the plaintiff's failure to restructure the note and mortgage constitutes a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA). The plaintiff moves to strike on the ground that this CT Page 1079-MM counterclaim does not arise out of the transaction that is the subject matter of the plaintiff's complaint. The plaintiff's complaint alleges that the defendants breached their payment obligations under a note. The defendant's counterclaim does not relate to the making, validity or enforcement of the note or the mortgage which secured it. Rather, the counterclaim alleges actions on lack of same that are separate and distinct from the rights and obligations of the parties under the note and mortgage referred to in the complaint. Additionally, the court also rejects the counterclaim on substantive grounds. The defendant has not alleged any duty, contractual or otherwise, which would impose upon the plaintiff any obligation to agree to a restructuring of the mortgage and note in favor of the defendant, Hirsch. Accordingly, Hirsch's second counterclaim is stricken.
In support of his setoff claim, Hirsch alleges that he is entitled to relief under General Statutes § 52-142. Hirsch further alleges that he is entitled to recover damages from plaintiff for loss of the use of his property and for loss of the use of the income from his property. The plaintiff moves to strike this claim on the ground that Hirsch fails to allege that the plaintiff presently owes a debt to Hirsch or the other debtors. CT Page 1079-NN
General Statutes § 52-142 provides that:
 A discharge as to one of several joint debtors, purporting to discharge him only, shall not affect the claim of the creditor against the other joint debtors. The other joint debtors may be sued for the debt and may set off any demand which could have been set off had the action been brought against all the original joint debtors.
A setoff is a debt independent of the transaction alleged in the complaint. Savings Bank of New London v. Santaniello, 130 Conn. 206,210, 33 A.2d 126 (1943). "Where there are no equitable considerations involved, a defendant . . . can set off debts only where they are presently due to him." Bridgeport-City Trust Co. v. Niles-Bement-Pond Co.,128 Conn. 4, 10, 20 A.2d 91 (1941).
Section 5-142 preserves a nondischarged joint debtor's right to assert the setoff claims of a discharged joint debtor. In the present case, Hirsch has not alleged that Voll had any setoff rights which CT Page 1079-OO Hirsch may now assert against the plaintiff. Further, Hirsch does not allege that there is debt presently due and owing to him from the plaintiff. Accordingly Hirsch's setoff claim is stricken.
B. Motion to Strike #126 (as to the special defenses and counterclaimsfiled by Guttman).
In support of his first special defense, Guttman alleges that the plaintiff breached the implied covenant of good faith and fair dealing because it restructured the mortgage as to Voll, while failing to offer the restructuring option to him. The plaintiff argues that this defense is legally insufficient because it does not affect the plaintiff's right to maintain its foreclosure action, and because this defense does not go to the making, validity or enforcement of the mortgage.
While an alleged breach of the implied covenant of good faith and fair dealing has been recognized as a special defense to a foreclosure action; Citicorp Mortgage v. Kerzner, 8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.), based on the facts of the present case, Guttman's first special defense is legally insufficient. The plaintiff's alleged failure to restructure the mortgage with respect to Guttman does not CT Page 1079-PP reflect upon the making or validity of the mortgage, and does not alter the plaintiff's right to proceed against Guttman upon his alleged default. Guttman's claim goes to non-performance by the plaintiff with regard to dealings between the parties which are separate from the note and mortgage referred to in the complaint. Accordingly Guttman's first special defense is stricken.
In his second special defense, Guttman claims that the mortgage agreement is unenforceable because the note does not state an interest rate. In his memorandum in opposition to the plaintiffs' motion to strike, the defendant Guttman concedes that this special defense is not a viable one. His second special defense is therefore stricken.
In his third special defense, Guttman alleges that the mortgage is unenforceable because the plaintiff violated Connecticut Antitrust Act, General Statutes § 35-26 et seq., because it required him to open and maintain a commercial checking account with the plaintiff. In moving to strike, the plaintiff argues that this special defense does not challenge the making, validity or enforceability of the note and mortgage. Guttman's claim goes to dealings between the parties which are separate and distinct from the note and mortgage referred to in the CT Page 1079-QQ complaint. Accordingly Guttman's third special defense is stricken.
In his first counterclaim, Guttman alleges that the plaintiff breached the implied covenant of good faith and fair dealing because it failed to offer him an option to restructure the note and mortgage. The plaintiff moves to strike the first counterclaim on the ground that it does not arise out of the transaction that is the subject matter of the plaintiff's complaint. The plaintiff's complaint alleges that the defendants breached their payment obligations under a note. The defendant's counterclaim does not relate to the making, validity or enforcement of the note or the mortgage which secured it. Rather the counterclaim alleges actions or lack of same that are separate and distinct from the rights and obligations of the parties under the note and mortgage referred to in the complaint. Additionally, the court also rejects the counterclaim on substantive grounds. The defendant also has not alleged any duty, contractual or otherwise, which would impose upon the plaintiff any obligation to agree to a restructuring of the mortgage and note in favor of the defendant, Guttman. Guttman's first counterclaim is therefore stricken.
In his second counterclaim, Guttman alleges that the plaintiff's CT Page 1079-RR failure to restructure the note and mortgage constitutes a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA). In moving to strike, the plaintiff argues that this counterclaim is legally insufficient because it does not arise out of the transaction which is the subject matter of the plaintiff's complaint. The plaintiff's complaint alleges that the defendants breached their payment obligations under a note. The defendant's counterclaim does not relate to the making, validity or enforcement of the note or the mortgage which secured it. Rather the counterclaim alleges actions on lack of same that are separate and distinct from other rights and obligations of the parties under the note and mortgage referred to in the complaint. Additionally, the court also rejects the counterclaim on substantive grounds. The defendant has not alleged any duty contractual or otherwise, which would impose upon the plaintiff any obligation to agree to a restructuring of the mortgage and note in favor of the defendant, Guttman. Guttman's second counterclaim is therefore stricken.
In his third counterclaim Guttman alleges that he is entitled to relief under § 35-26 et seq. based on the plaintiff's violation of the Connecticut Antitrust Act. Guttman further alleges that the plaintiff CT Page 1079-SS violated the Antitrust Act by requiring him to maintain a commercial checking account at the plaintiff's bank. In moving to strike, the plaintiff argues that Guttman fails to allege the existence of a contract or conspiracy in restraint of trade, or that a plurality of actors having joined to lessen competition in the marketplace.
"The act applies to every contract, combination, or conspiracy in restraint of any part of trade or commerce or every contract, combination or conspiracy to monopolize . . . or every monopolization of any part of trade or commerce. . . ." Mazzola v. Southern New England Telephone Co.,169 Conn. 344, 355, 363 A.2d 170 (1975). For provisions of General Statutes § 35-26 to apply, it must be alleged that two or more persons agreed to act together. Shea v. First Federal Savings Loan Assn. ofNew Haven, 184 Conn. 285, 304, 439 A.2d 997 (1981). There must be a plurality of actors who have joined to lessen competition in the marketplace. McKeown Distributors, Inc. v. GYP-Crete Corp.,618 F. Sup. 632, 645 (D. Conn. 1985).
In the present case, Guttman has failed to allege that two or more persons conspired or contracted to monopolize or to otherwise restrain trade or commerce. Accordingly Guttman's third counterclaim is CT Page 1079-TT stricken.
LAWRENCE L. HAUSER, JUDGE