THE NEW HAVEN PIPE COMPANY *vs.* THOMAS K. WORK.

A piece of land was sold to *T*, subject to two mortgages, which the grantee by the deed assumed and agreed to pay. The second mortgage was made by *W*, a former owner, who afterwards was compelled to pay it. The first mortgagee afterwards foreclosed both *W* and *T*, and on his title becoming absolute conveyed the property to *W* on his paying the amount of the first mortgage. Held that, if *W* had a right of action against *T* upon his assumption of the second mortgage, yet he could recover only so much of that mortgage debt as remained unsatisfied after applying to it the value of the mortgaged property above the first mortgage.

And held that, until such value was determined, the claim was of such an unliquidated character that it could not be set off in an action of assumpsit brought by *T* against *W*.

ASSUMPSIT for commissions on the sale of real estate; brought to the City Court of the city of New Haven. The defendant pleaded the general issue, with notice of a set-off, upon which the whole question in the case arose. The court found the following facts.

The plaintiffs are a joint stock corporation and hold by assignment from one Norman A. Tanner the claim for broker's commissions upon which the suit was brought; the amount claimed being $316, which, aside from the question of set-off, was justly due to Tanner at the time of the assignment of the claim. The plaintiffs took the assignment with no knowledge of any right of set-off on the part of the defendant.

On the 7th day of April, 1870, the defendant was the owner of a tract of land situated in Hartford in this state, which was subject to mortgages to the Society for Savings amount-

ing in the whole to $14,000, and to two mortgages to one R. C. Osborn for $3,500 in the whole. On that day he executed another mortgage on the same property to one S. A. Ensign, for $5,500, payable three years from date with semi-annual interest; and on the 13th day of September, 1870, he conveyed the land, subject to all these mortgages, to Joseph P. Tully, of the state of New York. The deed to Tully contained the following clause: "Said grantee hereby assumes and agrees to pay said mortgages, with the interest from this date, as a part of the consideration of this deed, and save said grantor harmless therefrom." Tully accepted the deed, and on the 9th day of October, 1871, conveyed the land to Norman A. Tanner, mentioned above; the deed to Tanner, after describing the land as subject to all the above mentioned mortgages, containing the following clause: "All of which mortgages said grantee assumes and agrees to pay, with interest from October 12th, 1871, as part consideration of this deed." Tanner accepted the deed and put it upon record.

On the 10th day of April, 1873, the defendant paid the $5,500 due upon the Ensign mortgage, the note then falling due. Afterwards Tully assigned to the defendant his claim upon Tanner upon the latter's assumption of the mortgage debt thus paid by the defendant. No notice of this assignment was given to Tanner, and neither he nor the plaintiffs had any knowledge of it until after the suit was brought.

Afterwards Osborn foreclosed the two mortgages held by him, and after the foreclosure became absolute conveyed the property to the defendant on his paying the amount of his two mortgages, with a small sum in addition for his trouble.

Upon these facts the defendant claimed—1st. That, at the time of the trial there was, without any assignment from Tully of his claim against Tanner, a liquidated debt due from Tanner to the defendant, which could be set off against the claim of the plaintiffs. 2d. That, if the assignment was necessary, the set-off could be made without either Tanner or the plaintiffs having had notice of the assignment previous to the bringing of the suit.

The plaintiffs claimed—1st. That the claim offered as a

set-off, if a debt at all against Tanner or the plaintiffs, was unliquidated and could not be the subject of set-off under the statute. 2d. That, if liquidated, it was a debt by assignment as against Tanner and the plaintiffs, and could not be the subject of set-off under the statute, unless notice of the assignment had been given to Tanner or the plaintiffs before the bringing of the suit.

The court overruled the claims of the defendant, and rendered judgment for the plaintiffs for the sum of $316 damages and costs. The defendant brought the record before this court by a motion in error.

*H. F. Hall*, for the plaintiff in error.

1. At the time of the bringing of the suit Tanner was indebted to the defendant in the amount of the Ensign mortgage paid by the defendant. By accepting the deed reciting his undertaking to pay the mortgages Tanner became directly liable to the mortgagees for the amount thereof. *Foster v. Atwater*, 42 Conn., 244; *Ricard v. Sanderson*, 41 N. York, 179. The defendant having been obliged to pay the third mortgage, an immediate right of action accrued to him against Tanner, and the law implies a promise from Tanner to repay him. 1 Swift Dig., 411. Any right of action which the mortgagee had against Tanner became vested in the defendant by virtue of the payment by him of the mortgage debt. The defendant as mortgagor was a surety as to the mortgage, and, having been compelled to pay it, whoever had assumed the obligation of payment became indebted to him for the amount. *Thorp v. Keokuk Coal Co.*, 48 N. York, 258. This liability attaches to whoever purchases the land and assumes the debt. 1 Hilliard on Mortg., ch. 13, sec. 59. It is found that Tanner assumed and agreed to pay the mortgages. His liability here is to the defendant as a surety who has been compelled to pay the debt which belonged to Tanner to pay. 1 Swift Dig., 411; *Thorp v. Keokuk Coal Co.*, supra. Even without payment by the defendant, Tanner was liable to him as soon as the note became due. By promising Tully to pay the mortgage debt, he became directly liable to the defendant

for not doing so. This rests on the broad doctrine that whoever promises upon good consideration to do anything for the benefit of a third party is directly liable to such third party. *Lawrence* v. *Fox*, 20 N. York, 268; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253. And it matters not whether he knows the third party or not. *Hall* v. *Marston*, 17 Mass., 575. The liability is a personal one and is in no way affected by the defendant's subsequently acquiring the land by purchase from the second mortgagee. *Post* v. *Tradesmen's Bank*, 28 Conn., 430; *Foster* v. *Atwater*, 42 id., 244; *Thorp* v. *Keokuk Coal Co.*, supra. The land may have deteriorated so that the third mortgage was of no value. This may have been through Tanner's fault or neglect. Such loss in value may be presumed from the fact of the third mortgagee not proceeding to collect his debt by foreclosure, as is usually done in such cases. Also from the second mortgagee selling the land for the face of his claim and a small premium. There is no fraud found, nor any collusion between the defendant and the second mortgagee, and none can be presumed. The defendant at this time did not stand in the position of a third mortgagee; even if he had, any such acquiring of the property would not have constituted a merger of his title as mortgagee in the fee.

2. The defendant is entitled to set off this claim against any claim which Tanner may have had against him. *Adams* v. *Leavens*, 20 Conn., 73. It is not necessary to allege or prove any notice to Tanner by the defendant in order to establish the defendant's right either of action or of set-off. Tanner is presumed to have notice. *Ward* v. *Henry*, 5 Conn., 600; *Marcy* v. *Crawford*, 16 id., 555; *Post* v. *Clark*, 35 id., 342.

3. This right of set-off is not impaired by reason of the assignment by Tanner to the plaintiffs. In this state the assignee of a chose in action not negotiable has all the rights which his assignee had, and no more. *Camp* v. *Tompkins*, 9 Conn., 552; *Smith* v. *Russell*, 17 id., 107. The assignment is looked upon rather as a power of attorney, authorizing the assignee to sue for and recover the debt in the name of the assignor. *Smith* v. *Russell*, supra. Until notice to the

debtor the debt remains in the assignor and is liable for his debts. *Woodbridge* v. *Perkins*, 3 Day, 364; *Bishop* v. *Holcomb*, 10 Conn., 447; *Vanbuskirk* v. *Hartford Fire Ins. Co.*, 14 id., 141; *Adams* v. *Leavens*, 20 id., 80. No notice to the defendant as debtor to Tanner was given in this case. The assignee takes subject to all the equities which the assignor was bound by. *Adams* v. *Leavens*, supra.

*C. S. Hamilton*, for the defendant in error.

1. The defendant had no cause of action in his own right against Tanner, growing out of the assumption of the mortgages by the latter in the deed of Tully to him, even though, by his payment of the Ensign mortgage, he became entitled to the rights of Ensign as mortgagee. Ensign as mortgagee had no such right of action against Tanner. The mere sale of the property to him subject to the mortgages did not make him personally liable for the mortgage debts. 2 Washb. R. Prop., ch. 16, sec. 4, art. 10, and sec. 5, art. 6. *Johnson* v. *Monell*, 13 Iowa, 301, 303. If, in the absence of a personal liability, there was a consideration for his special promise to assume and pay the mortgages, yet it is clear that he is bound only by his special promise, implied in his acceptance of the deed from Tully, which contained an express stipulation that he assumed and would pay the mortgage debts. This being a purely personal contract with his immediate grantor, he was not bound by it to any one but Tully, and consequently was indebted only to him. *Drury* v. *Tremont Improvement Co.*, 13 Allen, 168, 172; *King* v. *Whitely*, 10 Paige, 465; *Garnsey* v. *Rogers*, 47 N. York, 233, 240. If Tanner can be regarded as having assumed any personal liability to the defendant by the stipulation in the deed, such liability is at most that of a surety or guarantor for Tully, as the principal debtor to the defendant, in which case there can be no right of set-off in favor of the defendant. *Morley* v. *Inglis*, 4 Bing. N. C., 58, 71; *Crawford* v. *Stirling*, 4 Esp., 207, 209. There cannot be a debt, unless there is some contract or promise out of which it grows; and in order that there be a contract or promise, there must be—(*a*) contracting parties;

(*b*) a sufficient consideration to support the contract or promise; (*c*) assent of the parties; and (*d*) a subject matter of contract. But here there is—(*a*) only one contracting party, for the defendant is not known in the agreement made between Tanner and Tully; (*b*) no consideration moving from the defendant to Tanner; (*c*) no promise either express or implied to *the defendant.* There is no privity of contract between the defendant and Tanner. The defendant stands in precisely the same relation that he would had he sold the premises, free of incumbrance, to Tully for $5,500, and Tully had sold them, for the same price, to Tanner, and neither Tully nor Tanner had as yet paid the purchase money. *Mellen* v. *Whipple,* 1 Gray, 317.

2. If Tully had a right of action against Tanner, upon his assumption of the mortgages, that right was not so assigned to the defendant that he became possessed of the right. To make the assignment good as against third parties a notice to Tanner was necessary. No such notice had been given when the plaintiffs brought their suit, and consequently no such right existed in the defendant at that time. At the time the suit was brought Tully had the right, entirely unimpaired, of releasing Tanner from his obligation, a right which could not have existed if the defendant had then become vested with the right of action. Not having the right of action then, the defendant could not acquire it after the suit was brought, so as to avail himself of it by way of set-off against the plaintiffs, who had no knowledge of the assignment when they brought their suit.

3. The claim which the defendant attempts to set off, if a claim against Tanner in any respect, is unliquidated, and hence cannot be the subject of set-off. The statute allows a set-off of "mutual *debts*" only. A debt is a fixed and specific quantity or sum, *and no future valuation or inquiry is required to settle its amount.* Bouv. Law Dict., *Debt.*; 3 Black. Com., 154. It does not appear exactly when the defendant paid the $5,500 note to Ensign, nor how much interest and taxes he paid, nor how much had been paid by Tully or Tanner. Besides this the defendant, by an arrangement with the second

mortgagee, had received back the premises in satisfaction of his debt. In the absence of other finding as to the value of the premises the one expressed in the deeds ($32,000) must be taken to be correct. The mortgages amount in the aggregate to $23,000. And where the value of the mortgaged premises exceeds the mortgage debts a foreclosure operates as payment. *Bassett* v. *Mason,* 18 Conn., 131; *Weiner* v. *Heintz,* 17 Ill., 259, 262. A set-off *pro tanto* cannot be taken out of an unliquidated debt. Waterman on Set-off, § 303; *U. States* v. *Barker,* 1 Paine C. C. R., 156. The courts of the United States and of the several states have universally held that wherever it was necessary for the court to hear evidence, or to do anything in order to fix the amount of the claim, such claim could not be allowed as a set-off. Waterman on Set-off, §§ 297, 298; *Riddle* v. *Gage,* 37 N. Hamp., 524; *Farquar* v. *Collins,* 3 A. K. Marsh., 34; *State* v. *Welsted,* 6 Halst., 399; *Smock* v. *Worford,* 1 Southard, 308; *Stanbery* v. *Smythe,* 13 Ohio S. R., 500. The claim is simply for damages on a special contract; as such it cannot be the subject of set-off. *Grimes* v. *Reese,* 30 Geo., 332.

PARDEE, J. Upon the facts as found in this case the defendant has failed to establish any right to the set-off claimed. The equity of redemption in the land in question passed from him to Tully, and from the latter to Tanner, and was the consideration upon which they entered into their respective agreements. Previous to the commencement of this suit the second mortgagee took this equitable right from both of them by the process of foreclosure, and after the title had become absolute in him he transferred it to the defendant, who now holds it. By statute (Gen. Statutes, tit. 18, chap. 7, sec. 2,) the foreclosure of a mortgage does not preclude the mortgage creditor from recovering so much of the claim to secure which the mortgage was given, as the property mortgaged, estimated at the expiration of the time limited for redemption, shall be insufficient in value to satisfy. And where the value of the property mortgaged exceeds the mortgage debt, a foreclosure of that mortgage having become

absolute operates even at law as a payment of the debt.  *Bassett* v. *Mason*, 18 Conn., 131.  After the defendant had thus taken to himself Ensign's interest by payment and the title of the second mortgagee by purchase, and held them against both Tully and Tanner, as between him and them, under the circumstances of this case, he is to be considered as having appropriated the land, the primary fund, to the payment of the notes which they had respectively promised to pay; and it still remains an open question, only to be closed upon judicial inquiry, whether the value of the land thus taken and held was sufficient for the discharge of the aggregate indebtedness upon it.  It may have saved the defendant from the loss from which Tully agreed to protect him; may have paid the note which Tully agreed to pay; and he may have been entitled to no more than nominal damages by reason of Tully's default.  In the absence of any proof upon this point the defendant failed to establish his damages at any certain or definite sum, and left the court without data for determining them.  Of course no claim for set-off can be made to rest upon such uncertainties.

This view of the case renders unnecessary any consideration of other questions presented.

There is no error in the judgment complained of.

In this opinion the other judges concurred.