## GENERAL CONSOLIDATED, LTD. *v.* RUDNICK AND SONS, INC.

### APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 8-659-3959

Argued April 17—decided August 25, 1967

*Edward B. Winnick,* of New Haven, for the appellant (defendant).

*Frank W. Murphy,* of Norwalk, for the appellee (plaintiff).

KOSICKI, J. The plaintiff, a New York corporation, commenced this action on September 15, 1965, against the defendant for the balance of $1355.91, due on fifty-one typewriters sold to the defendant on October 2, 1964. In the defendant's answer, dated November 1, 1965, the sale, purchase price, delivery and acceptance are admitted. By way of special defense, made more specific on April 7, 1966, the defendant claimed that, prior to October 30, 1964, it had purchased by assignment from Van's Hosiery Stores, Inc., apparently a New York corporation and hereinafter referred to as Van's, a number of accounts receivable, including an account due and owing it from the plaintiff in the amount of $1355.91. On October 30, 1964, the defendant allegedly paid to the plaintiff and Hanover Factors Corporation, hereinafter referred to as Hanover, by its check the amount of $120.54, representing the difference between $1476.45, admittedly due the plaintiff, and the above amount of the assignment which was claimed as a setoff. The alleged setoff consists of numerous items asserted as having been purchased by Van's from the plaintiff between December, 1962, and February, 1964, in the aggregate amount of $2397.46 and returned to the plaintiff because of the damaged and defective condition of the merchandise. Against this amount, Van's allegedly allowed a credit of $1041.55 on invoices owed by it to the plaintiff, leaving a credit balance due it from the plaintiff of $1355.91. The defendant further alleged that payment was made for the accounts receivable by the defendant's giving Van's a credit for $1355.91 for merchandise received in that sum. The check tendered by the defendant and made payable to the plaintiff and Hanover contained the following notation:

"10/2  402136    \$1476.45

Less on account     1355.91

           \$ 120.54

General Consolidated, Ltd. in Full."

On May 18, 1966, the plaintiff filed a demurrer to the special defense on the ground of lack of adequate notice of the alleged assignment to all parties concerned and that the assignment was not a proper issue in the case. On August 18, 1966, the demurrer was sustained. The defendant next filed an amended answer and special defense on August 29. In this special defense, in addition to what had been set out in the first answer, the defendant in its brief also claimed that notice of the assignment had been given by a letter of October 30, 1964, copy of which was annexed,[1] and that the acceptance of the check in the amount of \$120.54 was in settlement of a disputed claim between the parties and constituted an accord and satisfaction. The plaintiff demurred on the grounds that no mutual debt was alleged by

---

[1]                "October 30, 1964

General Consolidated, Ltd.
87 Dell Glen Avenue
Lodi, New Jersey

Gentlemen:

This is to advise you that several months ago, we purchased from Van's Hosiery Stores, Inc., a number of its accounts receivable including a receivable of yours in the amount of \$1355.91.

We are accordingly applying the amount of the receivable against your recent invoice dated October 2, 1964 in the amount of \$1476.45 and have sent our check # 38510 in the amount of \$120.54 in payment of the balance to Hanover Factors Corporation at 1407 Broadway, New York, New York, together with a copy of this letter.

          Very truly yours,
          RUDNICK & SONS, INC.

HR:fec         Harold Rudnick
cc: Hanover Factors    President"

the defendant to permit a setoff, that the notice alleged was insufficient, that Van's account was unliquidated, that Van's was not a party to the action, and finally that the present special defenses were substantially the same as those already ruled on under the earlier demurrer. This demurrer was sustained, and the case was tried to the court on the general issues. From a judgment for the plaintiff the defendant has appealed, assigning as the only errors the sustaining of the demurrers to the original and amended special defenses contained in the original and amended answers.

No finding had been requested or made, and the defendant makes no claim of error occurring during the conduct of the trial. We may assume therefore that the judgment is correct unless the court erroneously excluded consideration of the issues raised by the defendant in its special defenses. In the absence of a transcript of evidence or, at least, a finding showing errors in adverse rulings on evidence tending to support the special defenses alleged, we should be inclined to hold that the defendant is now precluded from pursuing on appeal any error asserted in the sustaining of the demurrers. *State* v. *Sul,* 146 Conn. 78, 83; *Hartwell* v. *Watertown,* 123 Conn. 657, 660. Inasmuch, however, as the court and counsel have followed the procedure of presenting the questions of error in the rulings on the demurrers without reference to the proceedings in the course of trial, we have decided, in the interests of justice and to obviate the possible necessity of further litigation, to follow the course requested. *Lillico* v. *Perakos,* 152 Conn. 526, 531.

From the undisputed facts appearing in the record, the briefs of the parties, and the exhibits on file, it is obvious that for a complete determination of the issues raised by the defendant there

would need to be a judicial examination by the court of the rights and obligations of four parties under at least four separate, unrelated contracts. Two of the parties are not within the jurisdiction of this court, are foreign corporations, and are not subject to the process of this court. Even the question of jurisdiction of the parties aside, it is too clear for discussion that neither party to a suit can require a stranger to be cited in, either as coplaintiff or codefendant, in order to enable that party to litigate with him a claim which is in no way connected with the matter on trial and could in no way affect the judgment to be rendered between the original parties. *Lowndes* v. *City National Bank,* 79 Conn. 693, 696.

It appears from the record before us that the defendant owed the plaintiff $1476.45 for a number of typewriters bought by the defendant from the plaintiff. This account was factored with Hanover, of New York. Shipment, as shown by the bill of lading, and delivery in accordance with the contract were never questioned and are admitted by the pleadings. In a statement from Hanover to the plaintiff dated November 3, 1964, it is noted that on the check received of the defendant in the net amount of $120.54 there was a notation of a deduction of $1355.91, with the further statement by Hanover that it had no record of this deduction from the remittance received.

The main contention of the defendant is that it is entitled to set off the purported credit of Van's against its acknowledged debit to the plaintiff as alleged in the complaint. Legal setoff in this state is governed by statute. General Statutes § 52-139; *Savings Bank of New London* v. *Santaniello,* 130 Conn. 206, 210. The pertinent part of § 52-139 provides as follows: "In any action brought for the

recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other; but no debt claimed by assignment shall be set off unless the plaintiff had notice, at the commencement of the action, that such debt was due the defendant. . . ."

Under our early statutes, it had been held that to constitute mutuality the debts must be due to and from the same persons in the same capacity; they must exist between the parties in their own right, and be of the same kind and quality, clearly ascertained and liquidated. *Lippitt* v. *Thames Loan & Trust Co.,* 88 Conn. 185, 199. "While the statutory changes have eliminated one of the fundamental essentials of the term 'mutual' in the set-off statute, viz., the necessity for the identity of the parties, and thus lessened its scope, they have not done away with its other essentials. Mutual debts, under our . . . statute, are cross debts in the same capacity and right and of the same kind and quality." Ibid. Thus, it has been held that there is not a right to a setoff of any amount due from a plaintiff upon its contract to purchase stock from the defendant against the amount due the plaintiff under its hotel building contract. *Wark Co.* v. *Beach Hotel Corporation,* 113 Conn. 119, 121, 127; see *Shippee* v. *Pallotti, Andretta & Co.,* 114 Conn. 560, 564; *Hartford National Bank & Trust Co.* v. *Riverside Trust Co.,* 117 Conn. 276, 280; *Bassett* v. *City Bank & Trust Co.,* 115 Conn. 1, 10; *Hewitt's Appeal,* 53 Conn. 24, 35; *Harral* v. *Leverty,* 50 Conn. 46, 63, 64.

It is evident from the pleadings filed and claims made by the defendant that there is no such mutuality of debts as would, within the contemplation of our statute, permit the defendant to interpose the

purported setoff in this action. Stephenson, Conn. Civ. Proc. § 107. The most that can be said concerning the alleged assignment by Van's to the defendant is that there was a transfer of a disputed cause of action not arising in this state and having no relation to the debt sued on by the plaintiff. An unliquidated claim cannot be set off in an action in assumpsit. "[N]o claim for set-off can be made to rest upon such uncertainties." *New Haven Pipe Co. v. Work,* 44 Conn. 230, 237. Nor are the matters in the various special defenses so connected with the debt alleged in the complaint and admitted by the defendant that their consideration is necessary for a full determination of the rights of the parties relative to the matter in issue under the complaint. *Springfield-Dewitt Gardens, Inc. v. Wood,* 143 Conn. 708, 711. Furthermore, it nowhere appears that there are any equitable considerations involved or that the amount claimed by the defendant was either presently due or due at all. *Bridgeport-City Trust Co. v. Niles-Bement-Pond Co.,* 128 Conn. 4, 9. The defendant has an adequate remedy in New York as against the plaintiff, Van's, and Hanover, since all are, so far as the record shows, corporations organized and doing business in New York, and the legal rights and equities of all parties could then be finally determined. The situation here presented is the converse of that in *Hubley Mfg. & Supply Co. v. Ives,* 81 Conn. 244, 247, where, in a suit brought by a Massachusetts corporation on a Rhode Island judgment against the defendant, our Supreme Court ruled that the defendant was entitled to set off an unliquidated claim for damages against the plaintiff; otherwise it "would not comport with the principles of equity, under such circumstances, to allow the plaintiff to use our courts to force the defendant to pay its claim against him upon the judgment, while refusing to satisfy his

equally valid claim against it on the contract of sale, and leaving him, so far as appears, no remedy for its recovery except by a new suit brought in another State. See *Rowan* v. *Sharps' Rifle Mfg. Co.,* 29 Conn. 282, 330." No such equitable considerations are present in this case.

The defendant had also specially pleaded that acceptance of its check in the amount of $120.54 as payment to the plaintiff in full constituted a payment and discharge of any and all obligations to the plaintiff. The court, by its ruling, necessarily found otherwise. We are inclined to agree. Acceptance of a check so marked may amount to a payment in full or to a credit on the amount due, depending on the agreement, understanding and intention of the parties. Where it is shown conclusively that acceptance of the check was understood and intended by the parties to settle a disputed claim in full, then it will be treated as having been accepted in full satisfaction. *Perryman Burns Coal Co.* v. *Seaboard Coal Co.,* 128 Conn. 70, 73. The record shows there had been no dispute between the parties as to their own account. What disagreement is claimed by the defendant concerns Van's account, which the court properly decided was wholly unrelated and extraneous to the complaint. The plaintiff was not precluded, by acceptance of the check, from suing for the balance of the indebtedness. *Crucible Steel Co.* v. *Premier Mfg. Co.,* 94 Conn. 652, 658.

The court was not in error in sustaining the demurrer to the defendant's first and second special defenses, as amended, dated November 1, 1965.

What we have said above applies, with one exception, to the court's ruling sustaining the demurrer to the amended special defense dated August 29, 1966. This additional special defense has been treated by the parties as one of accord and satis-

faction. As set up in the special defense, this claim is not different materially from the plea of payment already discussed. Our rule provides that accord and satisfaction must be specially pleaded. Practice Book § 120. The issue, however, was presented and decided, and the point is not raised on appeal. The procedural defect must, therefore, be considered as waived by the plaintiff. *Hanley Co.* v. *American Cement Co.,* 108 Conn. 469, 471.

"The defense of accord and satisfaction requires the defendant to allege and prove a new contract based upon a new consideration which must be offered by the debtor and accepted by the creditor with intent to satisfy the whole claim, and that such will be the effect of its acceptance must be made known to the creditor in some unmistakable manner so that he is bound to understand that if he takes it he takes it in full satisfaction of his claim. *Crucible Steel Co.* v. *Premier Mfg. Co.,* 94 Conn. 652, 656 . . . ; *Hanley Co.* v. *American Cement Co.* . . . [supra]." *Keller* v. *Rohde,* 109 Conn. 244, 248. The most that could be claimed by the defendant with reference to the letter of October 30, 1964, is that the defendant had acquired a disputed account of Van's which it attempted to set off against its own acknowledged debt to the plaintiff. Except for this self-serving declaration, the record fails to show that by notice from the assignor any such assignment in fact existed.[2] We do not consider it necessary, however, to decide the issues of notice and consideration and the other points of law argued by the parties. For the reasons we have already stated, we do not deem these other issues sufficiently

[2] The letter of October 30, 1964, can by no reasonable construction be considered as an assignment or notice of an assignment. Van's is neither a party to the suit nor amenable to the process of a Connecticut court as a witness; therefore the letter comes within the general rule excluding hearsay evidence. *General Motors Acceptance Corporation* v. *Capitol Garage, Inc.,* 154 Conn. 593, 596, 597.

material to affect our decision that the sustaining of the demurrer to the amended answer and special defense dated August 29, 1966, was not erroneous.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.