**In re ALLEN–MAIN ASSOCIATES, LIMITED PARTNERSHIP, Alleged Debtor.**

**Bankruptcy Case No. 97–25098.**

United States Bankruptcy Court, D. Connecticut.

March 2, 1998.

Howard L. Siegel, Brown, Rudnick, Freed & Gesmer, Hartford, CT, for Allen–Main Associates Limited Partnership.

Robert E. Grossman, Schuyler G. Carroll, Backenroth & Grossman, LLP, c/o Day, Berry & Howard, Hartford, CT, for petitioning creditor.

Honor S. Heath, Day, Berry & Howard, Hartford, CT, for petitioning creditor.

### *RULING AND ORDER ON CREDITOR'S INVOLUNTARY CHAPTER 7 PETITION*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

The issue before the court is whether a non-recourse secured creditor may be a sole petitioner in an involuntary Chapter 7 case. The parties have submitted the matter on the pleadings, briefs, and the petitioning creditor's concession that it holds a non-recourse claim. The alleged debtor has agreed that

the stated issue is its only defense to the involuntary petition.

## II.

CC Britain Equities, L.L.C. ("CC Britain"), as sole petitioning creditor, on November 26, 1997 filed an involuntary Chapter 7 petition against Allen–Main Associates Limited Partnership ("the alleged debtor"). The alleged debtor owns property located at 923–947 West Main Street, New Britain, Connecticut ("the property"). CC Britain, on July 8, 1997, purchased from OCWEN Federal Bank FSB a non-recourse note and mortgage against the property. The alleged debtor has defaulted on the note.

At a January 27, 1998 hearing on the involuntary petition and the alleged debtor's answer, the alleged debtor asserted, and CC Britain denied, that the petition must be dismissed because CC Britain does not hold a claim of at least $10,000 more than the value of its lien on the property, as required by Bankruptcy Code § 303(b).

## III.

█ Bankruptcy Code § 303(b) provides that

An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $10,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) If there are fewer than 12 such holders ... by one or more of such holders that hold in the aggregate at least $10,000 of such claims. . . .

11 U.S.C. § 303(b).

The alleged debtor argues that § 303(b) imposes a dual requirement for eligibility to file an involuntary petition: the petitioner must hold a "claim," and the petitioner's claim(s) must constitute at least $10,000 of unsecured debt. *Memorandum of Allen–Main Associates in Support of Dismissal of Involuntary Chapter 7 Petition* at 3. Because a non-recourse secured creditor holds no unsecured claim against a debtor, the alleged debtor contends, "the plain language of the statute ... appears to present an insurmountable obstacle for the petitioner here as the sole petitioner in an involuntary Chapter 7 case." *Id.*

CC Britain contends that a secured creditor that is unsecured to any extent, whether because it holds a lien on property worth less than the lien amount or because it waived all or part of its claim, may serve as a sole petitioning creditor under § 303. *Memorandum of Law in Support of Involuntary Petition and In Opposition to Debtor's Answer and Affirmative Defense* at 5–6. CC Britain concedes that it holds a non-recourse note but nonetheless asserts that because the property securing its mortgage is worth at least $10,000 less than its claim, it is eligible to be a sole petitioning creditor. *Id.* at 9–10.[1] Furthermore, to the extent necessary, CC Britain purports to waive the amount of its claim necessary to reach $10,000. *Id.* at 10.

█ The court finds CC Britain's arguments unpersuasive. Code § 303(b) clearly requires the petitioner to hold a claim *and* to hold at least $10,000 of unsecured debt. As a nonrecourse creditor, CC Britain meets the first requirement but not the second. "A nonrecourse creditor is a creditor who has agreed to look only to its collateral for satisfaction of its debt and does not have any right to seek payment of any deficiency from a debtor's other assets ." *In re 680 Fifth Ave. Assocs., (680 Fifth Ave. Assocs. v. Mut. Ben-*

---

**1.** In its reply brief, CC Britain inexplicably and inappropriately, in light of its concession during the January 27, 1998 hearing that it holds a non-recourse debt and that the sole issue to be briefed was its eligibility as a qualified petitioner, attempts to convince the court that its claim is indeed a recourse claim. *Reply Memorandum of Law In Support of Involuntary Petition and In Opposition to Debtor's Answer and Affirmative Defense* at 5–6.

*efit Life Ins. Co. in Rehabilitation),* 156 B.R. 726, 732 (Bankr.S.D.N.Y.1993), *aff'd,* 169 B.R. 22 (S.D.N.Y.1993), 29 F.3d 95 (2d Cir. 1994). Although CC Britain has a claim against the property, the alleged debtor is not personally liable on the note. Without personal liability, there can be no unsecured claim. To the extent that CC Britain is undersecured or waives part of its secured claim against the alleged debtor, its secured claim is simply diminished rather than replaced by an unsecured claim.

Every decisional authority CC Britain cites,[2] except for *In re Sundown Associates,* 150 B.R. 156 (Bankr.E.D.Va.1992) and *In re East–West Associates (Carteret Savings Bank, F.A. v. Nastasi–White, Inc.),* 106 B.R. 767 (S.D.N.Y.1989), involves either multiple petitioning creditors, where no non-recourse creditor was involved in satisfying the unsecured claim requirement, or a full recourse creditor that was undersecured or had waived part of its claim. These cases are distinguishable from the instant case, where a sole petitioning creditor holds a non-recourse claim.

CC Britain relies on *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), *Sundown,* and *East–West Associates* in arguing that a non-recourse claimant is eligible to file an involuntary petition alone. CC Britain's reliance on *Johnson* is misplaced. In *Johnson,* the Supreme Court held that a Chapter 13 debtor can include a mortgage lien in a Chapter 13 plan after the debtor's personal liability on the debt secured by the property has been discharged in Chapter 7. 501 U.S. at 84, 111 S.Ct. at 2154, 115 L.Ed.2d at 75. The Court ruled that a "claim" under Code § 101(5) includes a claim against the debtor's property, even though the debtor's personal liability has been extinguished. *Id.* In the instant case, *Johnson* stands only for the proposition that CC Britain's non-recourse claim against

the property is a "claim" pursuant to Code § 101(5). Contrary to CC Britain's assertion, *Johnson* does *not* suggest that to the extent a non-recourse secured claimant is undersecured, it may assert an unsecured claim. Insofar as *Sundown,* which similarly misconstrues *Johnson,* and *East–West Associates* suggest that a non-recourse secured creditor is eligible to act as the sole petitioning creditor under § 303(b), the court rejects the reasoning in these decisions.

In holding that a non-recourse secured creditor may not act as the sole petitioning creditor under § 303(b), the court notes that for the past one hundred years, U.S. bankruptcy statutes have required creditors filing involuntary petitions to hold unsecured debt.

The Bankruptcy Act of 1898 provided that an involuntary petition could be filed on the petition of

> [t]hree or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to five hundred dollars or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt.

11 U.S.C. § 59(b) (repealed 1978). The Chandler Act of 1938 added the additional requirement that claims be fixed and liquidated but did not alter the requirement that debt be unsecured. *See* Chandler Act of 1938, Pub.L. No. 75–575, 52 Stat. 840 (June 22, 1938) (repealed 1978). Both H.R.8200 and S.2266 included the requirement, ultimately enacted as § 303(b) of the Bankruptcy Code, that (a) creditor(s) filing an involuntary petition hold at least $5,000 of unsecured debt. *See* H.R. 8200, § 303(b), 95th Cong., 1st Sess. (1977); S.2266, § 303(b), 95th Cong., 2d Sess. (1978). Though Congress

**2.** *Paradise Hotel Corp. v. Bank of Nova Scotia,* 842 F.2d 47 (3d Cir.1988); *Spilka v. Rist (In re William J. Braun Builders, Inc.),* 262 F.2d 107 (6th Cir.1958); *Winkleman v. Ogami,* 123 F.2d 78 (9th Cir.1941); *In re Automatic Typewriter & Serv. Co.,* 271 F. 1 (2d Cir.1921); *Morrison v. Rieman,* 249 F. 97 (7th Cir.1917), *cert. denied,* 245 U.S. 669, 38 S.Ct. 190, 62 L.Ed. 539 (1918); *In re Everett,* 178 B.R. 132 (Bankr.N.D.Ohio 1994); *Downer's Grove Nat'l Bank v. Fox (In re Fox),* 1994 WL 484596 (N.D.Ill.1994); *In re Knoth,* 168 B.R. 311 (Bankr.D.S.C.1994); *In re Crabtree,* 32 B.R. 837 (Bankr.E.D.Tenn.1983); *In re Gibraltor Amusements, Ltd.,* 187 F.Supp. 931 (E.D.N.Y.1960), *aff'd,* 291 F.2d 22 (2d Cir.1961), *cert. denied sub nom, Gibraltor Amusements, Ltd. v. Wurlitzer Co.,* 368 U.S. 925, 82 S.Ct. 360, 7 L.Ed.2d 190 (1961).

amended § 303 in 1984 and 1986, it did not alter the requirement that petitioning creditors hold unsecured debt. *See* Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, §§ 426, 427, 98 Stat. 369 (July 10, 1984); Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, §§ 204, 254, 283(b), 100 Stat. 3097, 3105, 3116 (Oct. 27, 1986). By increasing the threshold amount to $10,000 in 1994, Congress reaffirmed its intention that the petitioning creditors must hold unsecured debt. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 108(b), 108 Stat. 4112 (Oct. 22, 1994).

### IV.

The court concludes that CC Britain is not eligible to act as the sole petitioning creditor in the alleged debtor's Chapter 7 case and that the case must be, and hereby is, dismissed.

It is SO ORDERED.

### *ORDER DISMISSING INVOLUNTARY CHAPTER 7 PETITION*

The court having issued a ruling on March 2nd, 1998 concluding that CC Britain Equities, L.L.C. ("CC Britain") is not eligible to act as the sole petitioning creditor in the Chapter 7 case of Allen–Main Associates, Limited Partnership ("the alleged debtor"), the involuntary petition filed on November 26, 1997 by CC Britain against the alleged debtor is hereby dismissed.