In re ALLEN–MAIN ASSOCIATES, LIMITED PARTNERSHIP, Debtor.

Bankruptcy No. 97–25098.

United States Bankruptcy Court, D. Connecticut.

April 13, 1999.

Schuyler G. Carroll, Backenroth & Grossman, LLP, c/o Day, Berry & Howard, Hartford, CT, for CC Britain Equities, L.L.C.

Howard L. Siegel, Brown, Rudnick, Freed & Gesmer, Hartford, CT, for Allen–Main Associates Limited Partnership.

## RULING ON MOTION FOR ORDER IN AID OF EXECUTION

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I

Fed.R.Civ.P. 69(a)[1], made applicable in bankruptcy proceedings by Fed. R.Bankr.P. 7069, provides that post-judgment remedies be in accordance with the procedures of the state in which the bankruptcy court is located. At issue in this proceeding is whether Allen–Main Associates Limited Partnership ("Allen–Main"), the holder of an unsatisfied judgment entered by this court against CC Britain Equities, L.L.C. ("CC Britain"), is entitled to an order in aid of execution pursuant to Conn.Gen.Stat. § 52–356b.[2] Allen–Main

---

1. Rule 69. Execution

(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed.R.Civ.P. 69(a).

2. Section 52–356b provides:

Court order for transfer of specified property or evidence

(a) If a judgment is unsatisfied, the judgment creditor may apply to the court for an execution and an order in aid of the execu-

seeks an order requiring CC Britain to turn over to the levying officer a non-recourse mortgage note ("the mortgage note") executed by Allen–Main on December 11, 1984 in the original amount of $1,728,300, now held by CC Britain, to satisfy its judgment. CC Britain objects to the motion contending that the court does not have the jurisdiction to issue the order, that Allen–Main has not complied with statutory procedural requirements, and that CC Britain retains a right of setoff against the judgment debt. A hearing on the motion concluded on January 13, 1999 following which the parties submitted memoranda of law.

## II

On March 2, 1998, this court dismissed an involuntary Chapter 7 petition filed by CC Britain against Allen–Main, concluding that CC Britain was not an eligible sole petitioner. *See In re Allen–Main Associates Limited Partnership, 218 B.R. 278* (Bankr.D.Conn.1998), *aff'd* 223 B.R. 59 (2d Cir. BAP 1998). On April 23, 1998, the court awarded Allen–Main a judgment of $13,320.56 against CC Britain for attorney's fees and costs under Bankruptcy Code § 303(i)(1). CC Britain's sole asset is the mortgage note, secured by property owned by Allen–Main in New Britain, Connecticut. The mortgage note is in default and a mortgage foreclosure action remains pending in state court. The mortgage note is physically located in a Scarsdale, New York office. A writ of execution, issued by the court to Allen–Main has been returned unsatisfied.

## III

### A.

■ CC Britain's initial objection to Allen–Main's motion is founded on the location of the mortgage note in New York. CC Britain contends that the court cannot grant the requested order without *in rem* jurisdiction over the mortgage note. CC Britain argues that a judgment of this court may be enforced only by complying with New York's Uniform Enforcement of Foreign Judgments Act ("the UEFJA").

CCB's argument that the court lacks jurisdiction because the mortgage note is presently located in New York, rather than Connecticut, misconstrues the nature of these proceedings. Allen–Main requests that the court order CC Britain to turn over the mortgage note to satisfy its judgment debt. Such an order, which "commands the defendant to do some positive act or particular thing" is a mandatory injunction. *Black's Law Dictionary* 705 (5th ed.1979). The U.S. Supreme Court has long held that such injunctive relief does not require *in rem* jurisdiction over the property to be turned over if the court

tion directing the judgment debtor, or any third person, to transfer to the levying officer either or both of the following: (1) Possession of specified personal property that is sought to be levied on; or (2) possession of documentary evidence of title to property of, or a debt owed to, the judgment debtor that is sought to be levied on.

(b) The court may issue a turnover order pursuant to this section, after notice and hearing or as provided in subsection (c), on a showing of need for the order. If the order is to be directed against a third person, such person shall be notified of his right pursuant to section 52–356c to a determination of any interest claimed in the property.

(c) The court may issue a turnover order against a judgment debtor, without notice or hearing, upon affidavit by the judgment creditor or another competent affiant stating facts from which the court concludes that there is a reasonable likelihood that the judgment debtor is about to remove the property from the state or is about to fraudulently dispose of the property with intent to hinder, delay or defraud his creditors. The court shall expeditiously hear and determine any motion by the judgment debtor to dissolve such an ex parte order.

(d) Unless directed to a person who is before the court, any turnover order shall be personally served and shall contain a notice that failure to comply therewith may subject the person served to being held in contempt of court.

Conn.Gen.Stat.Ann. § 52–356b (West Supp. 1998).

has *in personam* jurisdiction over the party[3] to be compelled to act:

> Where the necessary parties are before a court of equity, it is immaterial that the res of the controversy, whether it be real or personal property is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the *lex loci rei sitae*, which he could do voluntarily[4], to give full effect to the decree against him. Without regard to the situation of the subject-matter, such courts consider the equities between the parties, and decree *in personam* according to those equities, and enforce obedience to their decrees by process *in personam*. Such is, undoubtedly, the result of the clear weight of authority....

*Cole v. Cunningham*, 133 U.S. 107, 119, 10 S.Ct. 269, 273, 33 L.Ed. 538, 544 (1890) (internal quotation marks and citations omitted).

More recently, the Second Circuit Court of Appeals specifically applied this rule in the bankruptcy context:

> [The defendant's] contention that the district court lacked the power to compel [the defendant] to deliver [its] property from outside the court's territorial jurisdiction must be rejected because the court had personal jurisdiction over [the defendant itself], *see United States v. First National City Bank*, 379 U.S. 378, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965); *United States v. Ross*, 302 F.2d 831 (2d Cir.1962); *Inter–Regional Financial Group, Inc. v. Hashemi*, 562 F.2d 152 (2d Cir.1977); *Fleming v. Gray Manufacturing Co.*, 352 F.Supp. 724, 726

(D.Conn.1973), and as a court sitting in bankruptcy, the district court had the power to issue any order necessary to carry out the provisions of the Bankruptcy Code, 11 U.S.C. § 105(a).

*Green v. Drexler (In re Feit & Drexler, Inc.)*, 760 F.2d 406, 414 (2d Cir.1985).

CC Britain argues that the provisions of the UEFJA, as enacted by Connecticut, Conn.Gen.Stat. §§ 52–604 – 52–609, are applicable. In support of its arguments, CC Britain cites decisions in which Connecticut state courts were asked to enforce judgments of other state courts. *See, e,g, Krueger v. Krueger*, 179 Conn. 488, 491, 427 A.2d 400 (1980) (regarding a California judgment); *Cahn v. Cahn*, 26 Conn.App. 720, 730, 603 A.2d 759 (Conn.App.Ct.1992) (regarding a New York judgment). These decisions are inapposite to the present proceeding. Allen–Main is not seeking to have the New York state courts enforce a judgment rendered by a Connecticut state court. This proceeding seeks injunctive relief by a U.S. Bankruptcy Court in the District of Connecticut against a party over whom it has personal jurisdiction. As such, it is not subject to the UEFJA. *Anderson v. Tucker*, 68 F.R.D. 461, 462 (D.Conn.1975) (judgments of District of Connecticut are not "foreign" judgments subject to the provisions of the UEFJA).[5]

### B.

■ CC Britain has provided no basis for its argument that Allen–Main has not complied with the procedural requirements of Conn.Gen.Stat. § 52–356b. Prior to filing this motion, Allen–Main obtained a writ of execution, as prescribed in Fed.

---

**3.** CC Britain cites *Dyer v. Dyer*, 231 A.D. 453, 247 N.Y.S. 540 (N.Y.App.Div.1931) to support its contention that *in rem* jurisdiction is necessary. In *Dyer*, however, there was no claim that the court had personal jurisdiction over the non-resident defendant.

**4.** CC Britain has not claimed that there is anything in New York law that would prohibit it from voluntarily turning over the mortgage note.

**5.** Even if enforcement were sought in another state of a judgment of this court, if the judgment were filed in a district court in that state in accordance with 28 U.S.C. § 1963, it would be considered as though it had been rendered in that district and would not be a "foreign" judgment subject to the UEFJA. *Anderson v. Tucker*, 68 F.R.D. at 463.

R.Civ.P. 69(a), from this court, which was returned with the judgment unsatisfied.

■ CC Britain argues that obtaining an "order" of execution, rather than the "writ" of execution prescribed by Fed. R.Civ.P. 69(a), is a prerequisite for obtaining an order in aid of execution. This argument lacks merit. Rule 69(a) provides for issuance of a "writ," rather than an "order" of execution. "[S]tate rules are to be applied in a common sense manner, of course, and those which make sense only when applied to state courts need not be imported into federal practice." *Anderson v. Tucker,* 68 F.R.D. at 462. In addition, § 52–356b, as amended in 1997, makes no reference to an "order" of execution, permitting a judgment creditor to apply for an order in aid of execution provided only that the judgment is unsatisfied.[6]

### C.

In Connecticut, legal setoff rights are determined under Conn.Gen.Stat. § 52–139[7], which requires, in part, "mutual debts." Conn.Gen.Stat.Ann. § 52–139 (West 1991). The court finds that CC Britain's claim is neither "mutual", nor a "debt," and it may not, therefore, setoff the judgment debt owed to Allen–Main.

■ Because the mortgage note is nonrecourse, Allen–Main is not personally liable to CC Britain for the debt. Because CC Britain has recourse only against the property, the indebtedness under the mortgage note is not "mutual" and, therefore, not eligible for setoff. *See General Consol., Ltd. v. Rudnick & Sons, Inc.,* 4 Conn.Cir.Ct. 581, 585, 237 A.2d 386 (1967) ("Mutual debts . . . are cross debts in the same capacity and right and of the same kind and quality.")

■ CC Britain claims that Allen–Main is personally liable to it for certain allegedly fraudulent transfers. However, such a claim is not a "debt," since it is not an "unconditional and legally enforceable obligation for the payment of money." *Petti v. Balance Rock Associates,* 12 Conn. App. 353, 362, 530 A.2d 1083 (1987) (citing Ballentine's Law Dictionary). CC Britain's "claim for a setoff based on damages that it may recover in a separate action does not . . . fall within the terms of this statute [§ 52–139]. A proper setoff alleges a debt that is presently due and arising from a liquidated claim." *Mikkelson v. Allen, Russell & Allen, Inc.,* No. CV 93–0458824S, 1994 WL 185653, at *1 (Conn.Super.Ct.1994).

### IV

The court concludes that Allen–Main is entitled to an order directing CC Britain to turn over the mortgage note to satisfy the judgment debt of $13,320.56, plus post-judgment interest thereon. Allen–Main shall promptly submit a proposed order. It is

SO ORDERED.

---

6. The cases relied upon by CC Britain are based on the "plain language of the [pre–1997] statute." *Cross v. S & E Investment,* No. CV 950465236S, 1996 WL 635340 at *1 (Conn.Super.Ct.1996). Although *Rem v. Caldrello,* No. 51 40 18, 1991 WL 213766 (Conn.Super.Ct.1991) applies the UEFJA to a judgment of a federal district court, that judgment had been filed with the Connecticut Superior Court.

7. Section 52–139. Set-off of mutual debts; procedure

(a) In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other. . . .

Conn.Gen.Stat.Ann. § 52–139 (West 1991).