**Bruce E. MONES, Petitioner,**

v.

**COMMERCIAL BANK OF KUWAIT, S.A.K., Respondent.**

**No. 18 MISC. 0302(SAS).**

United States District Court, S.D. New York.

Aug. 11, 2005.

---

Charles H. Camp, Law Offices of Charles H. Camp, Washington, D.C., for petitioner.

George F. Hritz, Hogan & Hartson, L.L.P., New York, New York, for respondent.

## MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. INTRODUCTION

Mones moves the Court to reconsider its July 12, 2005 Order, which denied Mones's motion for contempt and vacated the turnover order on which the motion for contempt was based. For the following reasons, the motion for reconsideration is denied.

### II. BACKGROUND

Mones brought suit in this Court to enforce a judgment rendered in the District of Columbia against judgment debtors who hold bank accounts at the Kuwaiti branch of the Commercial Bank of Kuwait ("CBK"). On December 23, 2003, the Court issued a Turnover Order (the "Turnover Order") requiring that CBK transfer the judgment debtors' assets from Kuwait into the Southern District of New York. After CBK failed to respond to the Turnover Order, Mones filed a motion for contempt. On July 12, 2005, the Court denied the motion for contempt and vacated the Turnover Order. The Court held that the Turnover Order was invalid when issued because New York law does not provide courts with the authority to order third parties to transfer assets belonging to judgment debtors into the jurisdiction, even though courts may order judgment debtors themselves to transfer their property into the jurisdiction.[1] Thus, even if the Court had jurisdiction over CBK when it issued the Turnover Order, the Court lacked authority to order CBK to transfer assets from the Kuwaiti accounts of the judgment debtors into the Southern District of New York.[2]

After vacating the Turnover Order, the Court denied Mones's motion for contempt on the grounds that the purposes underlying the contempt power of the courts would not be served by granting the motion. The purpose of civil contempt sanctions is two-fold: "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."[3] The Court declined to use its contempt power to coerce compliance with an invalid order. Furthermore, because the Turnover Order was invalid and Mones had no right to CBK's compliance with the order, Mones lost nothing to which he was entitled as a result of CBK's non-compliance.[4] Therefore, the Court held that it would be inappropriate to use the contempt power to compensate Mones for CBK's non-compliance.[5]

Mones now moves for reconsideration of the denial of his motion for contempt, arguing first that the Court did have the authority to issue the Turnover Order and, second, that even if the Turnover Order was invalid, CBK may still be held in contempt for failing to obey the Order while it stood. For the following reasons, Mones's motion for reconsideration is denied.

### III. LEGAL STANDARD

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where a court overlooks "controlling

---

1. *See Mones v. Commercial Bank of Kuwait, S.A.K.*, No. 18 Misc. 0302, 2005 WL 1653930, at *4 (S.D.N.Y. July 12, 2005).

2. *See id.* at *6.

3. *Id.* at *3 (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1957)).

4. *See id.* at *6.

5. *See id.*

decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." [6] Alternatively, a motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." [7]

Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." [8] A motion for reconsideration "is not a substitute for appeal." [9] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, "to reargue those issues already considered when a party does not like the way the original motion was resolved." [10] The purpose of Local Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." [11]

## IV. DISCUSSION

Mones's motion for reconsideration is without merit. Local Rule 6.3 provides for reconsideration where a court overlooked "controlling decisions or factual matters that were put before it on the underlying motion ... and which ... might have reasonably altered the result before the court" [12] or where necessary to "correct a clear error or prevent manifest injustice." [13] Mones's motion cannot be granted because, rather than bringing an oversight to the Court's attention, Mones simply disagrees with the Court's interpretation of the cases discussed in the July 12th Opinion.

### A. Turnover Order

In his original motion, Mones argued that this Court has the authority to order a third party to transfer assets of a judgment debtor into the district. He now renews that argument, citing United States v. First National City Bank,[14] *In re Feit & Drexler, Inc.*[15] and *Alliance Bond Fund, Inc. v. Grupo Mexicano De Desarrollo, S.A.*[16] However, all of these cases were specifically considered and discussed in the Court's July 12th Opinion; therefore, reconsideration of the issue is not required. Moreover, none of the cases support the proposition that a court may

---

6. *Range Road Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 392 (S.D.N.Y.2000) (quotation marks and citation omitted). *See also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) ("The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

7. *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.1983).

8. *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar.22, 2001).

9. *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F.Supp.2d 292, 296 (S.D.N.Y.2002) (quotation omitted).

10. *Houbigant, Inc. v. ACB Mercantile*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

11. *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988).

12. *Range Road*, 90 F.Supp.2d at 392 (quotation marks and citation omitted).

13. *Doe v. New York*, 709 F.2d at 789.

14. 379 U.S. 378, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965).

15. 760 F.2d 406 (2d Cir.1984).

16. 190 F.3d 16 (2d Cir.1999).

order a third party to transfer assets belonging to a judgment debtor into the jurisdiction.[17]

The only case cited by Mones in his motion for reconsideration that the Court did not consider when making its original decision is *In re Allen–Main Associates*.[18] The requirements for reconsideration set out in Local Rule 6.3 have not been met because *In re Allen–Main* was not put before the Court during the original motion for contempt. Moreover, it cannot be reasonably believed that consideration of the case would have affected the outcome of the motion because the holding of *In re Allen–Main* does not support Mones's contention that the Turnover Order was valid. In *In re Allen–Main*, a Connecticut bankruptcy court ordered a third party to transfer assets into the jurisdiction, but it did so in reliance on a Connecticut statute that explicitly authorized the court to order such a transfer.[19] The Turnover Order was vacated because New York law does not authorize a court to order a third-party transfer. The fact that Connecticut law authorizes such an order has absolutely no bearing on this matter. Moreover, because this Court is not bound by the decisions of a Connecticut bankruptcy court, Mones's citation to *In re Allen–Main* does not show that the Court failed

to consider a controlling case. The requirements for reconsideration have not been met and Mones's motion must be denied.

### B. Motion for Contempt

■ Mones argues that, even if the Turnover Order was invalid, CBK should be held in contempt for its failure to comply with the Order while it stood. In support of this proposition, Mones cites *In re Feit & Dexler, Inc.*, which mentioned in dicta a line of cases standing for the proposition that if a party "disobeys [a court order] he may be punished for contempt even if the order is subsequently ruled to have been erroneous."[20] However, the court did not hold that a party *must* be sanctioned for failure to comply with an invalid court order. Mones has failed to show that the Court disregarded a controlling case that, if considered, would lead the Court to reach a different outcome than it did in its July 12th ruling. Therefore, his motion for reconsideration must be denied.

### V. CONCLUSION

Because Mones has not raised any factual issues or controlling cases that the Court failed to consider in its ruling,

---

17. In its July 12th Opinion, the Court distinguished *First National* on the grounds that the transfer order in question in that case was issued pursuant to "26 U.S.C. § 7402(a), which gives the district courts the power to grant injunctions 'necessary or appropriate for the enforcement of the internal revenue laws'.... Because there is no federal law authorizing the Turnover Order, the Court must be constrained by the bounds of New York law, which ... does not allow the exercise of power over assets held outside the jurisdiction by financial intermediaries." *Mones*, 2005 WL 1653930, at *5 n. 59. The Court also distinguished *In re Feit* on the grounds that the transfer order in that case

applied directly to a judgment debtor, not to a financial intermediary like CBK. *See id.* at *4 n. 50. Finally, the Court cited *Alliance Bond Fund* as standing for the proposition that "the validity of a turnover order depends on whether the district court 'acted in accordance with New York's procedures for the enforcement of judgments.' " *Id.* at *5 n. 60.

18. 233 B.R. 631 (D.Conn.1999).

19. *In re Allen–Main*, 233 B.R. at 632 (basing its decision on Connecticut General Statute § 52–356b).

20. *In re Feit*, 760 F.2d at 413.

Mones's motion for reconsideration is denied.

SO ORDERED.